# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**LAURA ANN SPALINGER,**
        **Plaintiff,**

    v.                                              **Case No. 13-CV-00820**

**ROCKLINE INDUSTRIES, INC.,**
        **Defendant.**

---

## DECISION AND ORDER

Pro se plaintiff Laura Spalinger filed this civil rights action claiming employment discrimination on the basis of age. She now renews her motion for appointment of counsel.

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866–67 (7th Cir. 2013). When confronted with a request for counsel, a district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). With regard to the second inquiry, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other

"tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Here, plaintiff has presented evidence showing that her efforts to obtain legal counsel on her own have been unsuccessful. Nonetheless, the issues in this case appear at this stage to be straightforward and uncomplicated, and plaintiff's filings thus far indicate that she is capable of litigating this case herself. Accordingly, I will deny plaintiff's request for appointment of counsel without prejudice. If this case proceeds to trial, plaintiff may refile this motion.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket #18) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge